## PARSONS v CONNECTICUT GENERAL LIFE INS CO

Ohio Appeals, 9th Dist, Summit Co

No 2974. Decided February 21, 1938

Arthur S. Mottinger, Akron, and Charles D. Evans, Akron, for appellant.

Slabaugh, Seiberling, Huber & Guinther, Akron, for appellee.

## OPINION

By STEVENS, PJ.

From the judgment entered upon a verdict directed in favor of defendant, plaintiff has appealed to this Court on questions of law.

The action below was instituted to effect recovery under the terms of a group insurance policy issued by the defendant to the Falls Rubber Co., which policy insured the employees of said company against loss of life and permanent total disability.

Among other provisions, said policy contained the following:

"Total Disability: Any employee shall be deemed totally disabled within the meaning of this policy if injuries, sickness or disease continuously prevent him from performing any and every duty pertaining to his occupation.

"Permanent Total Disability—Definition: If said total disability began after the effective date of this policy and before age sixty and presumably during the life of such employee will prevent him from pursuing any occupation for wages or profit, such employee shall be deemed permanently and totally disabled within the meaning of this policy. * * *

"Payment: Immediately on receipt of **due proof** of permanent total disability of any employee, as heretofore defined, the Company shall pay to the insured * * *." (Emphasis ours.)

It is conceded that plaintiff was an employee of the Falls Rubber Co. and under sixty years of age at the time of his claimed permanent total disability.

It is further conceded that the policy in question lapsed as of January 20, 1933.

Thereafter, new policies were issued to the Falls Rubber Co., which did not insure its employees against permanent total disability, but we need not concern ourselves with these policies.

Plaintiff's proof of permanent total disability under the original policy was made September 25, 1935.

The record herein disclosed that the plaintiff worked regularly at his usual employment during 1932 and up to October, 1933; that he was then off work for three months, when he returned to work and continued his employment to September of 1934.

The trial court concluded, at the end of plaintiff's case in chief, that the evidence in the record, which is undisputed, showed that plaintiff was not totally and permanently disabled during the life of the original policy, and therefore sustained the motion for a directed verdict in favor of plaintiff.

With that conclusion we are in complete accord.

We are of the opinion that reasonable minds could not reasonably conclude, under the evidence contained in this record, that plaintiff was permanently and totally disabled during the life of said original policy.

We further conclude that **due proof** of permanent total disability of plaintiff was not made under the provisions of the policy.

It is our understanding that, in the absence of an express stipulation in the policy as to the time for making proof, the law presumes that such proof must be made within a reasonable time after the occurrence of the total disability, and we conclude that proof made approximately two years and eight months after **Headnote 2.** the policy had lapsed does not constitute "due proof" within the meaning of the policy.

We find no merit in plaintiff's claim of waiver by the company of the provisions of the policy.

The judgment of the trial court is affirmed.

WASHBURN, J, and DOYLE, J., concur in judgment.